# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERNESTO A. RAMIREZ,       :
     Plaintiff             :         No. 1:18-cv-2208
                             :
     v.                  :        (Judge Rambo)
                             :
UNITED STATES OF AMERICA,  :
     Defendant          :

## <u>MEMORANDUM</u>

This matter is before the Court pursuant to Plaintiff Ernesto A. Ramirez ("Plaintiff")'s motion for a preliminary injunction. (Doc. No. 44.) The motion is fully briefed and ripe for disposition.

## I.    BACKGROUND

On November 14, 2018, Plaintiff, who was then proceeding *pro se* and was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), initiated the above-captioned action by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), seeking compensation for medical injuries sustained after he contracted salmonella. (Doc. No. 1.) Counsel subsequently appeared on Plaintiff's behalf. (Doc. No. 12.) The United States has "take[n] responsibility for [Plaintiff] contracting salmonella while an inmate at Lewisburg." (Doc. No. 23 at 1.) The parties agree that Plaintiff suffered a "colon rectal prolapse, and required surgery," as a result. (*Id.*) Thus, the "only issue in dispute is [Plaintiff's] injury and the extent of his injury." (*Id.*) A bench trial was initially

scheduled for January 21, 2021; however, the bench trial and all related pretrial deadlines were continued generally because of the COVID-19 pandemic. (Doc. No. 41.)

Plaintiff filed his motion for a preliminary injunction on April 7, 2021. (Doc. No. 44.) In his motion, Plaintiff argues that his "access to adequate medical care, as required by the medical standard of care and the Eighth Amendment to the United States Constitution, including consultation with a qualified surgeon, and surgery if recommended, is being denied by the United States of America's refusal to provide him adequate care." (*Id.* at 1.) Plaintiff argues that over thirty-eight (38) months have passed since "the partial rectal prolapse re-occurred" and that the prolapse is worse. (*Id.* at 4.) He indicates that he is scheduled for a consultation with a colorectal surgeon "at some point in the future, with a target date of 6/23/2021— over three and a half years after the relapse was first diagnosed." (*Id.*) Plaintiff acknowledges that "this litigation does not directly state a claim for a delay in care of his recurrent rectal prolapse." (*Id.* at 7.) He asserts, however, that "because one of [his] contentions is that an aspect of the harm he endured is the rectal prolapse he is currently suffering with, it is appropriate for him to seek injunctive relief for care of that prolapse as an aspect of his underlying claims in this case." (*Id.* at 8.) As relief, Plaintiff seeks a preliminary injunction in the form of an Order "requir[ing]

the United States to promptly send him to a colorectal surgeon for consultation and surgical repair of his rectal prolapse." (*Id.* at 9.)

## II.    STANDARD OF REVIEW

Preliminary injunctive relief is extraordinary in nature and is discretionary with the trial judge. *See Orson, Inc. v. Miramax Film Corp.*, 836 F. Spp. 309, 311 (E.D. Pa. 1993) (citing *Skehan v. Bd. of Tr. of Bloomsburg State Coll.*, 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *See S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)). To prove "irreparable injury" a plaintiff must demonstrate actual and immediate injury rather than a possibility of future harm. *See Continental Group, Inc. v. Amoco Chemical Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). It is the moving party that bears the burden of demonstrating these factors. *See Dorfman v. Moorhous*, No. 93-cv-6120, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993). "The

relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).  Furthermore, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable – not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'"  *See ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)).  "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.  The preliminary injunction must be the only way of protecting the plaintiff from harm."  *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).  "The key word in this consideration is *irreparable*. . . .  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of

irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

## III. DISCUSSION

The United States first argues that Plaintiff's motion is inappropriate because it is not related to his underlying complaint. (Doc. No. 46 at 20-22.) The Court agrees with the United States. As noted *supra*, Plaintiff has brought suit under the FTCA for damages caused by the United States' negligence, which led him to contract salmonella. In his motion for a preliminary injunction, however, Plaintiff asserts that Bureau of Prisons ("BOP") officials have violated his Eighth Amendment rights by failing to provide adequate medical care in a timely fashion. The United States properly notes that such a claim can be brought only as an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against BOP officials in their individual capacities. Moreover, "[i]njunctive relief is not appropriate under the FTCA. The FTCA specifically provides for monetary relief and does not authorize injunctive relief." *See Doolin v. United States*, No. 2:20-cv-111, 2020 WL 6673381, at *2 (E.D. Ark. Nov. 12, 2020); *see also Maxwell v. United States*, No. 4:08-cv-1300, 2008 WL 4609996, at *1 (M.D. Pa. Oct. 14, 2008) (noting that injunctive relief is not available under the FTCA); *Turtzo v. United States*, 347 F. Supp. 336, 339 (E.D. Pa. 1972) (noting that

the FTCA does not "authorize injunctive relief against the United States"). Thus, Plaintiff has not demonstrated a "relationship between the injury claimed in [his] motion and the conduct asserted in the complaint." *Ball*, 396 F. App'x at 837; *see also Muhammad v. Dir. of Corr.*, No. CIV S-07-0375, 2009 WL 161075, at *1 (E.D. Cal. Jan. 22, 2009) (noting that preliminary injunctive relief is not for prisoners to use to regulate "in every way, every day, the terms and conditions of [their] confinement simply because they are 'in court' and regardless of the relation of the activity desired to be stopped with the claim in the complaint").

In any event, the exhibits the United States has submitted with their brief in opposition indicate that Plaintiff will receive the relief he seeks in the near future. The United States has submitted a declaration from Syed Fateh-Hyder, MD, the acting Clinical Director at USP Thomson in Thomson, Illinois, where Plaintiff is currently incarcerated. (Doc. No. 46-2.) Dr. Fateh-Hyder avers that Plaintiff was seen by a general surgeon on July 6, 2020, and that the surgeon indicated that Plaintiff's "prolapse was mild grade one to two and reduced spontaneously." (*Id.* ¶ 8.) The surgeon noted that if Plaintiff "wanted to proceed with surgical intervention, [he] would need to see a colorectal surgeon." (*Id.*) Plaintiff made no further complaints until February 22, 2021, when he indicated that he wanted to consult with a colorectal surgeon. (*Id.* ¶ 10.) Dr. Fateh-Hyder approved the

consultation. (*Id.* ¶ 10.) The consultation was scheduled with routine priority because Plaintiff's "prolapse does not protrude through the anus and there is no descent of the muscular layer." (*Id.* ¶ 11) Because of the routine priority and "because of the limited capacity in the rural hospitals serving the area, the target date for that consultation to occur is June 23, 2021." (*Id.*)

Overall, even if Plaintiff's request for injunctive relief were related to the injury claimed in his complaint, nothing before the Court suggest that he will suffer irreparable harm if injunctive relief is not granted. *See Instant Air Freight Co.*, 882 F.2d at 801. The medical records attached to the United States' response indicate that Plaintiff is receiving medical care for his prolapse and is scheduled to receive the very consultation he seeks by June 23, 2021. Plaintiff, therefore, has not demonstrated irreparable harm and that a preliminary injunction is "the only way of protecting [him] from harm." *Id.*; *see also Sampson*, 415 U.S. at 90.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction (Doc. No. 44) will be denied. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Date: May 6, 2021